UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:17-cv-01399-JLS-DFM                                         Date: November 16, 2017
Title: Gary Rachner et al v. Network Funding, L.P., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFFS'
                MOTION TO REMAND (Doc. 12)**

Before the Court is a Motion to Remand filed by Plaintiffs Gary Rachner and Nick Green. (Mot., Doc. 12.)[1] Defendant Network Funding, L.P. opposed the Motion, and Plaintiff did not file a reply. (Opp., Doc. 16.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for November 17, 2017, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court DENIES Plaintiffs' Motion.

I.   **BACKGROUND**

---

[1] Prior to filing this motion, Plaintiffs failed to satisfy their meet and confer obligations under Local Rule 7-3 and this Court's Initial Standing Order. C.D. Cal. R. 7-3.; ISO ¶ 8(b), Doc. 9. Because this Court has the obligation to inquire into its own subject matter jurisdiction, it decides this Motion on the merits. However, the Court notes that if the parties had met and conferred, Defendant could have pointed out the computational errors in Plaintiffs' damages spreadsheet, and both Defendant and the Court would not have had to spend needless time addressing this issue. Any future failure to meet and confer in accordance with the Local Rule 7-3 may result in the imposition of sanctions on the non-compliant party.

### A. <u>**Allegations in the First Amended Complaint**</u>

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Accordingly, the following factual allegations are taken from the first amended complaint ("FAC") filed in state court. (FAC, Doc. 1-5.)

Plaintiffs seek to represent a class of individuals employed by Defendant Network Funding during the four years prior to the filing of the instant Complaint. (Id. ¶¶ 4, 8.) Plaintiffs and the proposed class were non-exempt employees entitled to minimum wage and overtime compensation under the Industrial Welfare Commission Order and the California Labor Code. (Id. ¶¶ 18–20.) Defendant failed to pay Plaintiffs and the proposed class the minimum wage for all hours worked and overtime wages by "(a) failing to use the correct 'regular rate of pay' to calculate the applicable overtime premium due each Plaintiff and [class] members; (b) failing to record and pay Plaintiff and [class] members for all mandatory off the clock work time spent responding to emails and telephone calls on their personal cell phones; and (c) failing to record and pay each Plaintiff and [class] members for all hours worked in the office." (Id. ¶ 24.)

On May 9, 2017, Plaintiffs filed the instant action in Orange County Superior Court against Defendant. (Compl., Doc. 1-3.) On June 19, 2017, Plaintiffs filed the FAC alleging (1) failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; (2) failure to reimburse expenses in violation of Labor Code section 2802; (3) failure to pay waiting time penalties in violation of Labor Code sections 201 and 202; (4) failure to provide accurate itemized wage statements in violation of Labor Code section 226(a); (5) failure to pay minimum wage in violation of Labor Code section 1197; and (6) violation of the California Unfair Competition Law (UCL). (Id. ¶¶ 17–53.) Neither the original Complaint nor the FAC stated the amount of damages sought. On August 14, 2017, Defendant removed the action to this Court on the grounds of diversity jurisdiction. (Notice of Removal, Doc. 1.)

Plaintiffs now move to remand to state court.

### B.    Defendant's Calculations in the Notice of Removal

In its Notice of Removal, Defendant stated that the amount-in-controversy for at least one of the named Plaintiffs exceeds the jurisdictional minimum.  (Notice of Removal ¶ 28.)  This determination was based on communications between the parties in preparation for a mediation that was scheduled to take place on August 4, 2017.[2]  (Id. ¶¶ 31–33.)  Specifically, Plaintiffs' Counsel sent a spreadsheet to Defendant's Counsel stating the amount of damages claimed by each of the named Plaintiffs.  (Hart Decl. Ex. A, Doc. 16-1.)  Plaintiffs' Counsel also sent a later email in response to Defendant's Counsel's inquiry, estimating that Plaintiffs' attorneys' "fees from inception to get through mediation and class approval" were approximately $150,000 "without any Lodestar multiplier."  (Baker Decl. Ex. A, Doc. 12-2.)  The email further estimated that fees through trial "could be up to $500,000."  (Id.)

Plaintiffs' spreadsheet calculated Plaintiff Rachner's compensatory damages as follows: 1) unpaid overtime wages at $35,969.85[3]; 2) unreimbursed business expenses at

---

[2] Notwithstanding the evidentiary privilege that typically applies to offers of settlement, "a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.3 (9th Cir. 2002); *see also Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) (considering a letter that plaintiff's counsel sent to the defendants stating the amount in controversy).  Although the emails and spreadsheets may not alone be determinative of the amount in controversy, these communications may be considered to determine whether removal is proper. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000).

[3] The spreadsheet has a computation error.  Plaintiff Rachner's "Overtime Pay" for 2016 totals to $12,024, but Plaintiffs miscalculated the total as $3,840.  (Hart Decl. Ex. A at 7.) When the correct figure of $12,024 is used to calculate unpaid overtime wages, they total to $35,969.85.  (Id. at 5.)

$1,040; 3) waiting time penalties at $22,168.39; and 4) wage statement penalties at $1,600. (Id.) In the Notice of Removal, Defendant calculated that Rachner would be entitled to additional liquidated damages in the amount of $8,460 for unpaid minimum wages based on his alleged 864 hours of unpaid overtime. (Notice of Removal ¶ 39.) Plaintiffs did not contest Defendant's calculation of the liquidated damages in their Memorandum. (Mem., Doc. 12-1.) Thus, Defendant calculates Plaintiff Rachner's total damages, exclusive of attorneys' fees, at $69,238.24.[4] (Opp. at 21–22.)

Based on the calculations and estimates in these communications, Defendant removed the case to this Court. (Notice of Removal ¶ 32.)

## II. **LEGAL STANDARD**

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332 "requires complete

---

[4] In its Opposition, but not in the Notice of Removal, Defendant adds $30,090 to Plaintiff Rachner's compensatory damages for minimum wage for all draws against commission, which are contemplated (but not calculated) in Plaintiffs' spreadsheet. (Opp. at 17.) To arrive at $30,090, Defendant used the total number of hours that Plaintiff Rachner worked and multiplied it by the minimum wage of $10/hour. (Id.) However, Defendant does not provide any support for the assumption that Plaintiff Rachner would be entitled to these damages for all of the 3,009 hours he worked. Therefore, it is not clear that this estimate is reasonable for purposes of satisfying the jurisdictional minimum, and the Court disregards it. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams*, 471 F.3d at 976. Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *Id.* at 977.

However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (quotation marks omitted).

## III. **DISCUSSION**

The parties disagree about whether the amount-in-controversy requirement is met for purposes of diversity jurisdiction.[5]  Specifically, they dispute whether and in what amount attorneys' fees should be included in the amount-in-controversy for the named Plaintiffs' claims.

### A.    Aggregation of Claims

"Multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement."  *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013).  "Only where the claims can strictly 'be asserted by pluralistic entities as such,' or, stated differently, the defendant 'owes an obligation to the group of plaintiffs as a group and not to the individuals severally,' will a common and undivided interest exist."  *Id.*  Moreover, only the claims of named class members are examined for purposes of the amount-in-controversy requirement.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).  However, federal courts do have supplemental jurisdiction "over the jurisdictionally insufficient claims of unnamed class members if the named plaintiffs in the action have claims that satisfy the amount-in-controversy requirement."  *Id.* at 943.

In the instant case, Plaintiffs have asserted claims "to vindicate their employers' breaches of California's Labor Code."  *Urbino*, 726 F.3d at 1122.  These rights are held individually because each employee has suffered a unique injury that "can be redressed without the involvement of other employees."  *Id.*  Accordingly, Plaintiffs may not aggregate their claims to satisfy the jurisdictional threshold.  At least one of the named Plaintiffs, Rachner or Green, must assert claims for which the amount-in-controversy

---

[5] The parties do not contest complete diversity of citizenship.  The named Plaintiffs are citizens of the state of California, and Defendant is a limited partnership organized in the state of Texas.  (FAC ¶¶ 1–2.)  Defendant's partners are all citizens of Texas.  (Notice of Removal at ¶ 5.)

exceeds $75,000 in order for this Court to exercise subject matter jurisdiction over this case.  Because the parties agree that the value of Plaintiff Rachner's compensatory claims is higher than that of Plaintiff Green's, the Court focuses exclusively on Plaintiff Rachner's claims.

### B.      Attorneys' Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).  "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case."  *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012).  *Compare Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034–35 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved.  Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal."), *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'"), *and Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) *with Faulkner v. Astro–Med, Inc.*, 1999 WL 820198, *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998).

The statutes on which Plaintiffs' claims are based provide for the recovery of attorneys' fees, *see* Cal Lab. C. §§ 218.5(a), 1194(a), and Plaintiffs seek an award of reasonable attorneys' fees (FAC Prayer for Relief ¶¶ C, D, F).  Thus, it is clear that attorneys' fees may be included in the amount-in-controversy.  *See Galt G/S*, 142 F.3d at 1156.  As discussed above, Defendant has produced evidence that Plaintiff Rachner's

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:17-cv-01399-JLS-DFM | Date: November 16, 2017 |
| Title: Gary Rachner et al v. Network Funding, L.P., et al | |

compensatory claims reasonably could total $69,238.24. Thus, whether or not this Court considers prospective attorneys' fees in calculating the amount-in-controversy, Plaintiff Rachner's claims can satisfy the jurisdictional minimum if, at the time of removal, his attorneys' fees exceeded $5,761.76. It is not unreasonable to attribute to Plaintiff Rachner's claims $5,761.76 of fees accrued by August 14, 2017. By that point, Plaintiffs' Counsel had, *inter alia*, drafted and filed the original Complaint, amended the Complaint and filed a First Amended Complaint, and prepared for and attended mediation. Indeed, $5,761.76 in attorneys' fees would amount to only an 8.3% contingency of the value of these claims. Accordingly, Defendant has shown by a preponderance of the evidence that the amount-in-controversy for Plaintiff Rachner's claims is likely to exceed $75,000.

## V.    CONCLUSION

    For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

Initials of Preparer:  tg